IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2014 SEP -5 PM 3: 20
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

A14MC0848 LY

In re Subpoena issued to
Grande Communications Networks LLC

§
§
§
§
§
§
§
§
§
§

Miscellaneous Case No: _____

# GRANDE COMMUNICATIONS NETWORKS LLC'S
## MOTION TO QUASH SUBPOENA

Internet service provider Grande Communications Networks LLC ("Grande") hereby files this Motion to Quash and respectfully requests that this Court quash an improper subpoena issued from a miscellaneous proceeding in California federal court by Rightscorp, Inc. ("Rightscorp") pursuant to 17 U.S.C. § 512(h) and Rule 45 of the Federal Rules of Civil Procedure. The subject subpoena (the "Subpoena") seeks the personal information of hundreds (and possibly thousands) of Grande subscribers – all located in Texas – associated with Internet accounts that Rightscorp alleges were used to commit copyright infringement over the Internet. A true and correct copy of the Subpoena, including excerpts from a spreadsheet that reflects the more than 30,000 subscriber lookups that Rightscorp seeks to have Grande perform, is attached as Exhibit 1 to the Declaration of Jeanne Mulcahy ("Mulcahy Decl.").[1]

The Subpoena may not be properly issued to an Internet service provider pursuant to 17 U.S.C. § 512(h), because the Internet service provider is a mere conduit. For this and other reasons, the Subpoena is unduly burdensome, and Rightscorp has also failed and refused to honor and abide by Rule 45 as well as the Cable Communications Act. The Subpoena – like

---

[1] The Mulcahy Declaration is submitted herewith as Attachment 1.

dozens of other subpoenas issued by Rightscorp from California miscellaneous proceedings – is an obvious ploy to circumvent even the most fundamental procedural protections (notice, personal jurisdiction, venue, and joinder considerations) that would be afforded to the hundreds or thousands of implicated Texas subscribers if Rightscorp were to file individual lawsuits against them instead of misusing a statutory subpoena procedure that is not available under these circumstances as per clearly-established law.

### Introductory Statement

Grande is a regional Internet service provider ("ISP") and cable operator, and as such acts as a communications conduit for its Texas subscribers' use of the Internet via cable and other communications systems. In its role as an ISP, Grande does not provide or host content.

Rightscorp's Subpoena to Grande was signed by the Clerk of Court for the U.S. District Court for the Central District of California on August 6, 2014. It purports to require compliance in Austin, Texas on September 5, 2014, and lists Dennis J. Hawk as counsel for Rightscorp. Grande's third-party subpoena-compliance vendor, Neustar, Inc. ("Neustar"), received the Subpoena from Rightscorp on or about August 12, 2014 via Federal Express.[2]

The Subpoena seeks identifying information of Grande subscribers with respect to a list of more than 30,000 Internet Protocol ("IP") addresses and associated dates and times. (Mulcahy Decl. ¶ 2 & Ex. A.) There is no operative pleading, but Rightscorp presumably would contend that unidentified individuals used the subscribers' Internet accounts to infringe copyrights in numerous works. Rightscorp submitted a spreadsheet listing numerous works, (*id.*); however, Rightscorp has not provided any evidence that it actually owns any particular copyrights in those or any other works (or, for that matter, any evidence of the infringement that Rightscorp says

---

[2] As discussed further below, repeated attempts to confer with Mr. Hawk did not result in any productive response.

occurred in its "notifications" and spreadsheets). In fact, Rightscorp's counsel supporting declaration vaguely states only that Rightscorp is a "representative of various copyright owners." (Mulcahy Decl. ¶ 2 & Ex. A (fourth page of Exhibit document, first numbered paragraph).)

The Subpoena is part of an ongoing campaign by Rightscorp to harvest "settlements" from Internet subscribers (who may or may not have been the users of their accounts at the times and dates in question) located across the nation through an abuse of the subpoena power of the federal courts in California. According to PACER, Rightscorp has filed approximately 100 miscellaneous actions this year, seeking the identifying information of Internet service subscribers alleged to have committed copyright infringement over the Internet. (Declaration of Charles M. Salmon ("Salmon Decl.") ¶ 2 & Ex. A.)[3] It is unclear from PACER that any actual litigation has emanated from these miscellaneous actions. (*See id.*) As can be seen from the PACER listing, Rightscorp has avoided sending subpoenas to any of the national ISPs (such as Verizon, AT&T, or Comcast), but instead has sent subpoenas to regional ISPs in various locations around the nation. (*Id.*(reflecting miscellaneous proceedings with respect to Cable America Missouri, LLC; Hawaiian Telecom, Inc.; Florida Cable, Inc.; *etc.*).) Presumably, Rightscorp is hoping that the regional ISPs, with smaller in-house legal departments, will be likely to simply comply with its subpoenas, especially given that those subpoenas bear the signature of the Clerk of the Court (as discussed further below).

As is typical in Rightscorp's campaign, the Subpoena was issued pursuant to 17 U.S.C. § 512(h), which is a section of the Digital Millenium Copyright Act that provides for the issuance of subpoenas in miscellaneous actions upon the signature of the Clerk of the Court.

---

[3] The Salmon Declaration is submitted herewith as Attachment 2.

However, as Rightscorp knows, but is hoping that the ISPs will overlook, it is established law that a Section 512(h) subpoena cannot be issued to an ISP acting as a conduit.

### Argument

The Subpoena should be quashed because it (i) imposes an undue burden on Grande, both because it is an improper subpoena (and therefore necessarily unduly burdensome) and also because of the extraordinary burden that would be imposed on Grande to comply; and (ii) is not accompanied by a court order as required for a subpoena seeking subscriber information from a cable operator. In addition, Grande requests that the Court order Rightscorp or its counsel to pay Grande's costs and fees associated with the handling of the Subpoena (including the filing of this Motion) as a sanction for Rightscorp's and its counsel's failure to take reasonable steps to avoid imposing undue burden or expense on Grande.

A. <u>The Subpoena should be quashed as improper and unduly burdensome.</u>

Although the Subpoena was issued pursuant to 17 U.S.C. § 512(h), the procedural aspects of the Subpoena are governed by Rule 45 of the Federal Rules of Civil Procedure. *See* 17 U.S.C. § 512(h) ("Unless otherwise provided by this section or by applicable rules of the court, the procedure for issuance and delivery of the subpoena, and the remedies for noncompliance with the subpoena, shall be governed to the greatest extent practicable by those provisions of the Federal Rules of Civil Procedure governing the issuance, service, and enforcement of a subpoena duces tecum."). Rule 45 provides that, on timely motion, a court must quash a subpoena that is unduly burdensome, or fails to allow a reasonable time to comply. Fed. R. Civ. P. 45(d)(3)(A)(i), (iv).

1. *The Subpoena imposes an undue burden.*

    a) The Subpoena is improper therefore and necessarily imposes an undue burden.

It has been well-established for a decade that subpoenas may not be issued under 17 U.S.C. § 512(h) to ISPs merely acting as conduits for electronic communications. *In re Charter Commc'ns, Inc.*, 393 F.3d 771, 776-78 (8th Cir. 2005) (finding that Section 512(h) does not authorize the issuance of subpoenas to ISPs acting as mere conduits for communications between Internet users and vacating order issued by district court enforcing improperly issued Section 512(h) subpoenas); *Recording Indus. Assoc. of Am. v. Verizon Internet Svcs., Inc.*, 351 F.3d 1229, 1236-39 (D.C. Cir. 2003) (Section 512(h) inapplicable where Internet service provider acted as conduit for alleged peer-to-peer file sharing between Internet users).

As the federal courts have explained, any request for the issuance of a subpoena under Section 512(h) must include a copy of a "notification of claimed infringement" that must have been sent to the service provider, which notification must include: "Identification of the material that is claimed to be infringing or to be the subject of infringing activity and that is to be removed or access to which is to be disabled, and information reasonably sufficient to permit the service provider to locate the material." 17 U.S.C. § 512(c)(3)(A), (h)(2)(A) (requiring "a copy of a notification described in subsection (c)(3)(A)" as a prerequisite to the issuance of a subpoena under Section 512(h)). This requirement plainly contemplates a situation where accused material is stored by a service provider in such a way that a copyright holder may notify such service provider of the accused infringing material and the location of that material, and the service provider may then remove the accused material or block access to the accused material. 17 U.S.C. § 512(c), (h).

The Section 512 notification-and-takedown process is inapplicable as to a conduit ISP, because the ISP could never "locate" a file that does not reside on its systems but rather was merely transmitted by the ISP. The "notifications" that Rightscorp presumably filed in this action are invalid, never resulted in any notice to subscribers, and could not serve the function required by the statute, as the courts have also explained. *See In re Charter Commc'ns*, 393 F.3d at 777; *Verizon Internet Svcs.*, 351 F.3d at 1235-36 ("any notice to an ISP concerning its activity as a mere conduit does not satisfy the condition of § 512(c)(3)(A)(iii) and is therefore ineffective").

The reasoning of the federal appellate courts in *In re Charter* and *Verizon* has been uniformly adopted in the federal district courts. *See, e.g.*, Order Granting in Part Mot. for Expedited Disc. and for Extension of Time to Serve Defs., at 2 n.1, *Combat Zone Corp. v. John/Jane Does 1-2*, 12-cv-0142 (N.D. Miss. Dec. 6, 2012), ECF No. 18 (noting that the issuance of a §512(h) subpoena to an ISP acting as a conduit is not supported by the statute);[4] *Interscope Records v. Does 1-7*, 494 F.Supp.2d 388, 391 (E.D. Va. Jul. 12, 2007); *In re Subpoena to University of North Carolina at Chapel Hill*, 367 F.Supp. 2d 945, 952-56 (M.D.N.C. 2005) (providing extensive statutory analysis); *see also Maximized Living, Inc. v. Google, Inc.*, No. 11-cv-80061, 2011 WL 6749017, at *5-*6 (N.D. Cal. Dec. 22, 2011) (explicitly agreeing with the D.C. Circuit's decision in *Verizon*). Grande is not aware of any caselaw since the *In re Charter* and *Verizon* decisions that would support Rightscorp's issuance of a subpoena under 17 U.S.C. § 512(h) to an ISP acting as a mere conduit.

Because the Subpoena may not be properly issued to Grande under 17 U.S.C. § 512(h), it should be quashed as unduly burdensome, even without regard to the actual amount of burden that would be involved in complying. *See AF Holdings, LLC*, 752 F.3d at 995 (D.C. Cir. 2014) (where a subpoena "compels disclosure of information that is not properly discoverable, then the

---

[4] For the Court's convenience, a copy of this opinion is attached as Exhibit B to the Salmon Declaration.

burden it imposes, however slight, is necessarily undue: why require a party to produce information the requesting party has no right to obtain?"); *cf. Compaq Computer Corp. v. Packard Electronics, Inc.*, 163 F.R.D. 329, 335-36 (N.D. Cal. 1995) (noting that, "if the sought-after [discovery is] not relevant nor calculated to lead to the discovery of admissible evidence, then *any burden whatsoever* imposed upon [a third party] would be by definition 'undue.'") (emphasis in original).

          b)    The time and expense associated with complying with the Subpoena would be unduly burdensome.

Furthermore, the Subpoena should be quashed because of the extraordinary actual burden that compliance would impose on Grande. The Subpoena seeks information relating to more than 30,000 combinations of IP addresses and timestamps, which would require manual lookups of electronic data within Grande's computer systems, as well as notification of affected Grande subscribers (a requirement imposed by 47 U.S.C. § 551, as discussed below), and handling the inevitable responses and inquiries that would result. A conservative estimate of the cost of compliance is approximately $30,000. (Mulcahy Decl. ¶ 6.) Rightscorp's duties under Rule 45 require that Rightscorp avoid the imposition of undue burden or expense on Grande, and Grande should not be required to bear such an expense without compensation. Fed. R. Civ. P. 45(d)(1); *See, e.g., DigiProtect USA Corp. v. Does 1-240*, 10-cv-8760, 2011 WL 4444666 at *4 (S.D.N.Y. Sep. 26, 2011) (observing that "Plaintiff should recognize that its approach imposes a substantial burden on parties with no formal interest in the litigation"). Moreover, the electronically stored information requested in the Subpoena is not reasonably accessible because of undue burden or cost, (Mulcahy Decl. ¶ 5) and Rule 45(e)(1)(D) expressly provides that under those circumstances, discovery need not be provided absent a showing of good cause and the imposition of any appropriate conditions.

* * * * *

When confronted with the burden issue, counsel for Rightscorp curtly responded that Rightscorp "does not pay to obtain the address details on infringers." (Mulcahy Decl. ¶ 7 & Ex. B.) The burden imposed on Grande by the Subpoena is extraordinary and undue. The Subpoena should be quashed pursuant to Rule 45(d)(3)(A)(iv).

        2.    *The Subpoena does not provide a reasonable time to comply.*

The Subpoena directs compliance by September 5, 2014. Grande's service provider estimates that approximately two months would be required to perform lookups of the subscriber information for the more than 30,000 IP address and timestamp combinations attached to the Subpoena. (Mulcahy Decl. ¶ 6 & Ex. B.) And that estimate does not take into account a period of time for subscribers to object or file a motion after being given notice of the Subpoena.

When Rightscorp's counsel finally responded (a few days before the compliance date) to repeated inquiries concerning the Subpoena, he summarily pronounced: "We expect compliance by the service providers." (Mulcahy Decl. ¶ 7 & Ex. B.) Because the Subpoena does not allow Grande an adequate time in which to comply, the Subpoena should be quashed pursuant to Rule 45(d)(3)(A)(i).

    B.    <u>The Subpoena is not accompanied by a court order as required by statute</u>.

Grande is a "cable operator" under the Cable Communications Act, 47 U.S.C. § 551. As applicable here, Grande could only provide personal information about its subscribers "pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B). The Subpoena was not accompanied by a court order, and thus Grande could not comply, even if the Subpoena were otherwise proper. Rightscorp's counsel also refused to even respond to this issue. (Mulcahy Decl. ¶ 7 & Ex. B ("We expect compliance by the service providers.").) The absence of an order

8

as required under the Cable Communications Act is another independent ground for quashing the Subpoena.

### C. Rightscorp and/or its counsel should be held accountable for Grande's costs and attorney's fees in connection with the Subpoena.

Pursuant to Rule 45(d)(1), a party issuing a subpoena has a duty to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Rightscorp and its counsel, Mr. Hawk, have plainly failed to satisfy this duty by (i) ignoring established legal precedent and abusing the subpoena power of the federal courts, and (ii) failing to productively engage with Grande. Accordingly, Rightscorp and/or its counsel should be required to compensate Grande for its costs and attorney's fees incurred in handling the Subpoena, including in connection with this Motion. Fed. R. Civ. P. 45(d)(1) ("The court for the district where compliance is required must enforce this duty [to take reasonable steps to avoid imposing undue burden or expense] and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."); *cf. Lightspeed Media Corp. v. Smith*, --- F.3d ---, No. 14-1682, No. 13-3801, 2014 WL 3749128, at *9 (7th Cir. Jul. 31, 2014) (upholding sanctions against attorneys under 28 U.S.C. § 1927 in connection with litigation conduct in case involving pursuit of subpoena discovery for settlement campaign purposes).

### Conclusion

Rightscorp's purpose in improperly issuing subpoenas under 17 U.S.C. § 512(h) is clear: to avoid judicial review of the litany of issues that would arise in seeking the requisite authorization from a court for the discovery of the sought-after information, including issues relating to joinder, personal jurisdiction, and venue.

As Rightscorp knows, hundreds of individual Texas Internet subscribers could not be properly made parties to a copyright infringement action in California federal court. In similar contexts and in no uncertain terms, the courts have stated that bypassing procedural rights of individual subscribers in order to harvest personal information *en masse* from a single proceeding will not be tolerated. *See, e.g., AF Holdings, LLC v. Does 1-1,058*, 752 F.3d 990, 995 (D.C. Cir. 2014) ("'when the purpose of a discovery request is to gather information for use in proceedings other than the pending suit, discovery properly is denied'"), *quoting Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340. at 352 n. 17, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)); *Pac. Century Int'l, Ltd. v. John Does 1-37*, 282 F.R.D. 189, 196 (N.D. Ill. 2012) ("What the plaintiffs may not do, however, is improperly use court processes by attempting to gain information about hundreds of IP addresses located all over the country in a single action, especially when many of those addresses fall outside of the court's jurisdiction."). Rightscorp cannot misuse the § 512(h) subpoena process in order to circumvent the procedural requirements associated with bringing a copyright action in federal court and obtaining a court order to identify a given allegedly infringing individual.

For the foregoing reasons Grande respectfully requests that this Court quash the Subpoena and award Grande its costs and attorney's fees associated with the handling of the Subpoena, including in connection with this Motion.

Date: September 5, 2014

Respectfully submitted,

/s/ Bart W. Huffman
Bart W. Huffman     w/ permission
State Bar No. 00790930
bhuffman@lockelord.com
Charles M. Salmon     Charles M. Salmon
State Bar No. 24070547
csalmon@lockelord.com
LOCKE LORD LLP
600 Congress Avenue, Suite 2200
Austin, Texas 78701-4042
(512) 305-4700 (telephone)
(512) 305-4800 (facsimile)

ATTORNEYS FOR
GRANDE COMMUNICATIONS
NETWORKS LLC

## Certificate of Service

I hereby certify that on this 5th day of September, 2014, a true and correct copy of the foregoing is being served by electronic mail and U.S. Certified Mail, RRR on the following counsel:

Dennis J. Hawk
Business Law Group
3100 Donald Douglas Loop N.
Santa Monica, CA 90405

Charles M. Salmon
TX State Bar No. 24070547