IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| In re Subpoena issued to<br>Grande Communications Networks LLC | § § § § § § § § § § | Miscellaneous Case No: 1:14-mc-00848-LY |

### ADVISORY TO THE COURT REGARDING WITHDRAWAL OF SUBPOENA

Internet service provider and cable operator Grande Communications Networks LLC advises the Court that, one (1) business day after Grande filed its Motion to Quash Subpoena (the "Motion," ECF No. 1) in this proceeding seeking to quash a subpoena served by Rightscorp, Inc. (the "Subpoena"), counsel for Rightscorp, Mr. Dennis J. Hawk withdrew the Subpoena.[1] The abrupt withdrawal of the Subpoena is consistent with the apparent desire of Rightscorp and its counsel to avoid judicial review of their serial misuse of the subpoena power of the federal courts. In addition, the withdrawal comes only <u>after</u> Grande was forced to expend considerable resources handling the Subpoena (and attempting to discuss it with Rightscorp's counsel) and then preparing and filing the Motion to Quash.

As detailed in Grande's Motion, the Subpoena presented an extraordinarily undue burden (over 30,000 subscriber lookups) and was issued to a cable operator without an order as required by the Cable Communications Act. (Mot., at 7-8.) Even more egregiously, it appears that the Subpoena is only one of approximately <u>one hundred</u> (100) or more similar subpoenas issued by

---

[1] Mr. Hawk's withdrawal of the Subpoena was made in a September 8, 2014 e-mail message to Grande's counsel. A copy of that e-mail message is Attachment 1 hereto.

Rightscorp to regional Internet service providers located across the country[2] (presumably chosen because they are less likely to contest the subpoenas than national Internet service providers with larger in-house legal departments) <u>upon the signature of the Clerk of the U.S. District Court for the Central District of California</u>, seeking the personally identifiable information of thousands of individuals beyond the jurisdiction of the California courts, <u>despite the fact that such subpoenas may not be sent and issued under 17 U.S.C. § 512(h) to an Internet service provider acting as a conduit under law that has been established for a decade</u>.  (*See id*., at 5-7, citing cases including *In re Charter Commc'ns, Inc.*, 393 F.3d 771, 776-77 (8th Cir. 2005).)

Under the circumstances, this Court or the U.S. District Court for the Central District of California may consider ordering Rightscorp and its counsel to show cause why they should not be sanctioned for misusing the federal court's subpoena powers. Such an order would be appropriate in connection with Grande's request for costs and attorney's fees in the Motion (*Id.*, at 9; *see also* Fed. R. Civ. P. 45(f) (challenge to subpoena may also be addressed by the court of issuance)).[3] Beyond any doubt, Rightscorp and its counsel failed and refused to "take reasonable steps to avoid imposing undue burden or expense" on Grande. Fed. R. Civ. P. 45(d)(1).

As Grande has explained, <u>before</u> the Motion was filed, Rightscorp's counsel's only response to Grande's efforts to confer was a threat that "[w]e expect compliance by the service providers" and that Rightscorp "does not pay to obtain the address details on infringers." (Mot., at 8 and Mulcahy Decl. ¶ 7 & Ex.B.) The next business day <u>after</u> the Motion was filed,

---

[2] (*See* Mot., at 3; Salmon Decl. ¶ 2 & Ex. A.)

[3] In addition, Rightscorp's conduct also raises concerns under Rule 11, and, regardless, may present appropriate circumstances for the imposition of sanctions under the Court's inherent powers. *See, e.g., Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51.

Rightscorp's counsel made a hasty retreat. If Rightscorp believed it had a good faith basis for the Subpoena, it would have asserted its position before this Court.[4]

But Rightscorp must know that its position and practice would not survive judicial review. If Grande had not challenged the Subpoena, Rightscorp would have improperly obtained the personally identifiable information of hundreds (or thousands) of Texas Internet subscribers using an invalid procedure, without the notice to any of them that would have followed from the court order that Rightscorp refused to seek to obtain, and without the slightest requirement of any showing to the California court whose signature Rightscorp improperly utilized.

It appears clear that Rightscorp and its counsel are playing a game without regard for the rules, and they are playing that game in a manner calculated to avoid judicial review. Hopefully, they will not be permitted to continue much longer.

Date: September 10, 2014             Respectfully submitted,


                                     /s/ Bart W. Huffman
                                     Bart W. Huffman
                                     State Bar No. 00790930
                                     bhuffman@lockelord.com
                                     Charles M. Salmon
                                     State Bar No. 24070547
                                     csalmon@lockelord.com
                                     LOCKE LORD LLP
                                     600 Congress Avenue, Suite 2200
                                     Austin, Texas 78701-4042
                                     (512) 305-4700 (telephone)
                                     (512) 305-4800 (facsimile)

                                     ATTORNEYS FOR
                                     GRANDE COMMUNICATIONS
                                     NETWORKS LLC

---

[4] In all likelihood, if asked, Rightscorp and its counsel would not be able to identify a <u>single</u> instance in which they argued to a court in an adversarial proceeding that any of the numerous subpoenas issued by them to Internet service providers acting as a conduit is proper under 17 U.S.C. § 512(h).

## Certificate of Service

I certify that on this 10th day of September, 2014, a true and correct copy of this Advisory is being served by electronic mail and U.S. certified mail, return receipt requested on the following counsel:

Dennis J. Hawk
Business Law Group
3100 Donald Douglas Loop N.
Santa Monica, CA 90405

                                                /s/ Bart W. Huffman
                                                   Bart W. Huffman